# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
### CIVIL ACTION NO. 3:11-CV-399-MOC-DCK

| | | |
|---|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | **MEMORANDUM AND RECOMMENDATION** |
| EVAN L. BROWN, III and STEVEN R. BROWN, | ) ) ) | |
| Defendants. | ) ) ) | |
| _____ | ) | |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiff's Motion For Discharge From Further Liability, Permanent Injunction, And Dismissal With Prejudice" (Document No. 14). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and is now ripe for disposition. Having carefully considered the motion, the record, and applicable authority, the undersigned will respectfully recommend that the motion be <u>granted</u>.

## BACKGROUND

Elsie Brown ("Decedent"), a retiree from the Dow Chemical Company, was a participant in the Dow Chemical Company's Basic Life Insurance Plan No. 0011700-G (the "Plan"). (Document No. 1, p.2). The Plan was an Employee Retirement Income Security Act of 1974, as amended ("ERISA"), regulated employee welfare benefit plan sponsored by the Dow Chemical Company and funded by a group life insurance policy issued by Plaintiff Metropolitan Life Insurance Company ("Plaintiff" or "MetLife"). <u>Id.</u> The Decedent died on January 20, 2011 at 3:05 p.m. (Document No. 1, p.3; Document No. 1-5, p.2). At the time of her death, the Decedent was enrolled under the Plan for life insurance coverage in the amount of Seven Thousand Nine Hundred and Twenty Dollars ($7,920.00). (Document No. 1, p.3).

Plaintiff, as claim fiduciary, is required to administer claims in accordance with ERISA and the documents and instruments governing the Plan. (Document No. 1, p.2). ERISA defines a beneficiary as "[a] person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." Id. (citing 29 U.S.C. § 1002(8)). The Plan establishes the right of a Plan participant to name his or her beneficiary. Id.

The latest beneficiary designation form on file for the Decedent was completed on-line on January 20, 2011 at 8:23 p.m., naming Decedent's son, Defendant Evan L. Brown, III, ("Defendant E. Brown") as the sole primary beneficiary of the life insurance benefits. Id.; see also (Document No. 1-2). The next prior beneficiary designation form on file is dated October 13, 2003, and names the Decedent's son, Defendant Steven R. Brown ("Defendant S. Brown"), as the sole primary beneficiary of the life insurance benefits. (Document No. 1, p.3); see also (Document No. 1-3). A beneficiary designation form was submitted to MetLife in late 2010, but it never became effective because it was not properly filled out. Id.; see also (Document No. 1-4). On December 13, 2010, the incomplete form was returned to the Decedent by MetLife. (Document No. 1, p.3).

On February 2, 2011, Defendant E. Brown completed a life insurance claim form for the Plan benefits. (Document No. 1, p.4). MetLife's "Complaint In Interpleader" contends that MetLife cannot determine whether a court would find either the January 20, 2011 beneficiary designation form completed after Decedent's death naming Defendant E. Brown as beneficiary, or the incomplete and improperly filled out beneficiary form submitted in late 2010 naming Defendant E. Brown as beneficiary, is valid. Id. If both of those submissions are deemed invalid, then the October 13, 2003 beneficiary form would entitle Defendant S. Brown to the Plan benefit. Id.

Plaintiff filed its "Complaint In Interpleader" (Document No. 1) on August 17, 2011. On September 21, 2011, Plaintiff filed a "Consent Motion To Deposit Funds Into Registry Of Court"

(Document No. 10). Based on the parties' consent and good cause shown, the undersigned granted the "Consent Motion To Deposit Funds..." on September 22, 2011. (Document No. 11).

"Plaintiff's Motion For Discharge From Further Liability, Permanent Injunction, And Dismissal With Prejudice" (Document No. 14) was filed on November 1, 2011. Defendant E. Brown has consented to the pending motion, but Defendant S. Brown has declined to consent. (Document No. 15, p.2). Defendant S. Brown filed his "Response / Denial" (Document No. 19) on November 16, 2011, and Plaintiff filed its "Reply..." (Document No. 21) on November 28, 2011. As such, immediate review of the pending motion and recommendation for disposition to the presiding district judge is now appropriate.

## DISCUSSION

Plaintiff contends that it has fulfilled its obligations in this matter by depositing the Plan's benefits, plus applicable interest - $8,302.76 - and should now be discharged from any further liability and be dismissed from this action. (Document No. 15, pp.1-4). Plaintiff filed this action pursuant to Rule 22 of the Federal Rules of Civil Procedure, which provides in part that "[p]ersons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead." Fed.R.Civ.P. 22(a)(1).

Plaintiff further contends that there are two stages to an interpleader action. (Document No. 15, p.5). First, "the Court considers whether: (1) it has jurisdiction over the suit; (2) a single fund is at issue; (3) there are adverse claimants to the fund; (4) the stakeholder is actually threatened with multiple liability; and (5) equitable concerns prevent the use of interpleader. Id. (quoting Banner Life Ins. Co. v. Jones, 2011 WL 4565352 at *6 (E.D.Va. Sept. 29, 2011) and United States v. High Tech. Prods. Inc., 497 F.3d 637, 641 (6th Cir. 2007). At the second stage, the respective rights of the claimants to the stake are determined. Id.

Plaintiff argues that the necessary factors have been met because: (1) jurisdiction is appropriate pursuant to 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331 since the action arises under ERISA; (2) the single fund at issue is the Plan's benefits; (3) E. Brown and S. Brown are adverse claimants to the Plan's benefits; (4) Plaintiff is exposed to a threat of multiple liability based on competing claims of E. Brown and S. Brown; and (5) there are not equitable concerns to prevent the use of interpleader. Id.; see also, Metropolitan Life Ins. Co. v. Vines, 2011 WL 2133340 at *3 (D.Md. May 25, 2011) ("The Court has jurisdiction over this suit because it arises under ERISA.").

Defendant S. Brown has filed a "Response / Denial" (Document No. 19). In that two page document, Defendant S. Brown primarily argues the merits of his claim to the Plan's benefits. (Document No. 19). However, he also raises the issue that perhaps MetLife fell short in its duties as the claim fiduciary by failing to make a determination here of the proper beneficiary. Id. Although Defendant S. Brown's dissatisfaction with the process is apparent, the undersigned does not find that he has sufficiently articulated a legal argument to deny Plaintiff's motion.

## RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that "Plaintiff's Motion For Discharge From Further Liability, Permanent Injunction, And Dismissal With Prejudice" (Document No. 14) be **GRANTED**.

## TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed **within fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with

the District Court constitutes a waiver of the right to *de novo* review by the District Court.  Diamond

v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005).  Moreover, failure to file timely objections

will preclude the parties from raising such objections on appeal.  Diamond, 416 F.3d at 316;  Page

v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003);  Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir.

1989);  Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel

for Defendant E. Brown and Plaintiff, to *pro se* Defendant S. Brown, and the Honorable Max O.

Cogburn, Jr.

**IT IS SO RECOMMENDED**.

Signed: December 20, 2011

David C. Keesler
United States Magistrate Judge