# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
### 3:11cv399

| | | |
|---|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| Vs. | ) ) | ORDER |
| EVAN L. BROWN, III; and STEVEN R. BROWN, | ) ) ) ) | |
| Defendants. | ) ) | |

**THIS MATTER** is before the court on review of a Memorandum and Recommendation issued in this matter. In the Memorandum and Recommendation, the magistrate judge advised the parties of the right to file objections within 14 days, all in accordance with 28, United States Code, Section 636(b)(1)(c). No objections have been filed within the time allowed.

The *Federal Magistrates Act of 1979*, as amended, provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, *de novo* review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Similarly, *de novo* review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985);

Camby v. Davis, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the court has conducted a careful review of the magistrate judge's recommendation.

After such careful review, the court determines that recommendation of the magistrate judge is fully consistent with and supported by current law. Further, the factual background and recitation of issues is supported by the applicable pleadings. Based on such determinations, the court will fully affirm the Memorandum and Recommendation and grant relief in accordance therewith.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Memorandum and Recommendation (#22) is **AFFIRMED,** plaintiff's Motion for Discharge from Further Liability, Permanent Injunction, and Dismissal With Prejudice (#14) is **ALLOWED**, and the following Order is entered discharging and dismissing plaintiff:

1. plaintiff Metropolitan Life Insurance Company, hereinafter "MetLife," as a disinterested stakeholder, has fulfilled its obligations concerning the life insurance benefits, plus applicable interest at issue in this case by depositing the sum of $8,302.76 into the Court's registry;

2. defendants in interpleader Evan L. Brown, III and Steven R. Brown, are permanently enjoined and restrained from instituting or prosecuting any action or proceeding against MetLife, the Dow Chemical Company, and the Dow Chemical Company's Basic Life Insurance Plan in any state or United States court for the life insurance benefits, plus applicable interest payable as a consequence of the death of Elsie Brown, except by way of interpleader in this action;

3. MetLife, the Dow Chemical Company, and the Dow Chemical Company's Basic Life Insurance Plan are discharged from any and all further liability related to the life insurance benefits, plus applicable interest at issue in this case; and

4. MetLife is **DISMISSED** from this case with prejudice.

Signed: January 9, 2012

Max O. Cogburn Jr.
United States District Judge